King, J.,
delivered the. opinion of the court.
William F. Tucker filed in the county court of Clear Creek County his claim under oath against the estate of James F. Tucker, deceased, in the words and figures following, to-wit:
“State of Colorado, Clear Creek County, ss,
In the County Court,
................Term, A. D. 190...
William F. Tucker, being duly sworn, on oath says that the annexed account against the estate of James F. Tucker, deceased, amounting to the sum of Twelve Hundred Thirty ($1230.00) Dollars and no cents, is just, after allowing all just credits, and is now due and unpaid.
Subscribed and sworn to before me this 19th day of December, 1905.
(Notarial Seal) Cora M. Hansel,
Notary Public.
My Commission expires December 3, 1909.
To services as nurse and constant attendant from March 29th, 1902, to April 16th, 1904, at $50.00 per month...................°...........$1,230.00

Notary Public Certificate.

United States of America, Indian Territory, Wesfi ern District, ss.
I, R. P. Harrison, Clerk of the United States Court for the Western District of the Indian Terri *96 tory, hereby certify that Cora M. Hansel is a notary public within and for the Western District of the Indian Territory; that he was appointed such notary public by the Court for said Western District, Indian Territory, for the term of four year beginning December 4th, 1905, and that due faith and credit should be given to all his acts as such notary public.
In witness whereof I have hereunto set my hand and the seal of said court at Salpulpa, Indian Territory, this 20th day of December, A. D. 1905.
B. P. Harrisou,
Clerk.
By O. M. Irelou,
(U. S. Court Seal.) Deputy.”
Hpon the day set for hearing claims against the estate, the claimant being represented by his attorney and the executor being present in person and by his attorneys, the claim was objected to by the executor and disallowed by the court by endorsing the disallowance on the back of the claim and by an order disallowing the same and taxing the costs to the claimant. Whereupon an appeal to the district court was prayed, allowed and perfected, and the files relating to said claim were filed in the office of the clerk of the district court. The cause was regularly set for trial after a general appearance by the claimant and the executor. Upon the day set for trial the executor through his attorneys moved to dismiss the appeal from the county court to the district court, for the alleged reason that the judgment from which the appeal was prosecuted was one of non-suit, and that appellant did not within *97 ten days after the- rendition of such, judgment of non-suit make application to the county court to set such judgment aside. The motion was denied, and thereupon trial was had to a jury, the executor and his attorneys participating therein. The jury returned a verdict in favor of the claimant for the full amount of his claim, and judgment being rendered thereon, the executor prayed and was allowed an appeal to the supreme court.
(1) The denial of appellant’s motion to dismiss the appeal was not error. The judgment of the county court from which the appeal was taken to the district court is not a judgment of non-suit. It is and evidently was intended to be a forma] judgment of disallowance, and had the same force, and effect as a judgment against the claimant that a judgment of allowance of the claim under the same circumstances would have had as against the executor. — Corning v. Ryan, 3 Colo. 525, 531.
If the provisions of section 183, code of civil procedure, Revised Statutes of 1908, defining a judgment of non-suit are accepted for that purpose in this case, it clearly appears that the judgment entered does not come within any of the provisions of said section.
In Lusk v. Kershow and others, 17 Colo. 481, 485, it was held that section 1536, Revised Statutes, 1908, (sec. 1085 Mills’ Ann. Stats.; Session Laws of 1885, p. 158, sec. 1) does not apply to appeals from judgments in probate proceedings; and unless that section has been made to apply by virtue of the provisions of section 7254, Revised Statutes of 1908, a motion to set aside the judgment of the probate court was not necessary in this case, even *98 though, the judgment was a judgment by default or of non-suit. In our opinion it was not the intention of the legislature to change the practice heretofore recognized in probate matters so as to mate a motion to set aside a judgment by default or of non-suit, within ten days after the rendition of such judgment, and the refusal of such motion, a condition precedent to the right of taking ah appeal from the county court to the district court in probate matters.
Under the constitution the district court had original jurisdiction of the subject matter. — Vance’s Heirs v. Maroney eb al., 3 Colo. 293, 295; Darling v. McDonald, 101 111. 370; Bradwell v. Wilson, Administrator, 158 111. 346. Therefore, appellant’s right to insist in this court upon his motion to dismiss the appeal was waived by participating in the trial of the cause on its merits after the motion was denied. — Fairbanks, Morse <& Co. v. Macleod, 8 Colo. App. 190; Schoolfield v. Brunton, et al., 20 Colo. 139; Smith et al. v. District Court, 4 Colo. 238.
(2) If it was necessary upon the trial in the district court to comply with the provisions of section 7217 Revised Statutes of 1908, which requires the county court before giving judgment against an executor, administrator or conservator to require the claimant t-o make oath that such claim is just and unpaid, that requirement was satisfied by the claimant’s oath on file in the court as hereinbefore set forth.
Appellant insists that the verified claim is fatally insufficient in that it appears upon its face that it was sworn to in Colorado by a notary public of the Indian Territory.
*99 The venue laid in the caption of the claim is that of the court in which the estate was being administered. The official certificate to the capacity of the notary public shows that the notary public was duly authorized to act as such in Indian Territory, and in the absence of evidence to the contrary the presumption is that the notary acted within her territorial jurisdiction.
Goodnow v. Litchfield, 67 Ia. 691; Teutonia Loan Co. v. Turrell, 19 Ind. App. 469; Railway Co. v. Deane, 60 Ark. 524.
The venue of the court as given upon the claim filed is not such evidence as overcomes the presumption. Claimant’s failure to subscribe the oath is not fatal to its character as an oath.
(3) There was nothing in the relation existing between claimant and his uncle, the deceased, from which the law presumes the services of the nephew to have been ^gratuitous. Claimant was a student residing with his mother in Missouri. The uncle resided in Colorado and never was a member of the family of the claimant or his mother. Upon request of his uncle, claimant went from his home to Denver, Colorado, and took his uncle then in failing health back to his home in Missouri where the deceased remained for two years and until his death, and during which time he paid the mother for room and board, and promised to pay claimant for his services which consisted of care and nursing.
Appellant claims there was no express promise upon the part of the uncle to pay his nephew for the services, and that claimant expected to be compensated by provisions made in his uncle’s will, *100 and that he never expected to be paid for his services except by such gratuitous provision as his uncle might make. That view has some support, though slight, in letters written by the claimant after his uncle’s death, but the question was submitted to a jury upon evidence sufficient to sustain its verdict, either upon the theory that the services having-been performed at the request of the uncle, his promise to pay is implied in law, or, that he both requested the services and agreed to pay therefor.
Appellant excepts- to instruction No. 6 which authorizes a judgment in favor of claimant in case the jury should find from the evidence that the services were performed upon, request made by the uncle, and that he promised to pay the claimant therefor.
This instruction was not as favorable to claimant as he was entitled to, for in the absence of an express promise to pay, the claimant was entitled to recover upon an implied promise.
' The instruction as to the measure of recovery was not erroneous in so far as it went; although it was incomplete. No modification was asked for. The instructions as a whole were much more favorable to appellant than he was entitled to under the facts in the case, and the verdict was manifestly just and equitable.
The opinions in Martin v. Wright’s Administrators, 13 Wend. 460, and Roberts v. Swift et al., Executors, 1 Yeates 209, 212, are in point and conclusive as to the law applicable in this case. In the first of these cases, referring to the rule asserted by appellant in this case, the court said:
*101 “The rule, I apprehend, was never intended to apply to cases where it was understood by both parties that compensation should be made; but merely to cases where services were rendered apparently gratuitously, under an expectation of a legacy.”
In the other the court said:
“If the jury were satisfied from the whole of the evidence, that the services were done at the request of the testator, no matter what the plaintiff’s expectations were^ the action may well be supported. The exception to the general rule is well marked in 1 Espin. 87, 88.”
• ‘And in this case, we may well adopt the language of the court in Roberts v. Swift et al., supra, “It was a case of great hardship, and in such a case very slender testimony would satisfy ingenuous minds.”

The judgment is affirmed.